THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| DIEUDONNE K. MWAHA<br>20313 The Gardens, #301<br>Hagerstown, MD  21742,<br><br>    Plaintiff,<br><br>    v.<br><br>CVS PHARMACY, LLC<br>351 West Camden Street<br>Baltimore, MD 21201,<br><br>    Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**
**(National Origin Discrimination)**

Pursuant to Federal Rule of Civil Procedure Rule 3, Plaintiff Dieudonne Mwaha (hereafter "Plaintiff"), by his undersigned attorney, hereby files his complaint.

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction of this case under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e-5(f).

2. In or around May 2011, Plaintiff initiated an administrative complaint of national origin discrimination as well as retaliation against Defendant CVS Pharmacy, LLC (hereafter "Defendant") with the Equal Employment Opportunity Commission (EEOC) and the Prince George's County Human Relations Commission.

3. Because Plaintiff was terminated from his employment with Defendant on or about November 15, 2010, he was timely in initiating his administrative complaints.

4. Defendant was duly notified about Plaintiff's administrative complaint and was given

an opportunity to respond to his allegations.

5. On or about February 27, 2015, the EEOC issued Plaintiff a Notice of Right-to-Sue.

6. Plaintiff has therefore exhausted all available administrative remedies which may be conditions precedent to bringing this action.

## II. THE PARTIES

7. Plaintiff is a resident of Maryland and a former employee of Defendant.

8. Defendant is a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b), which employs more than 500 employees.

## III. FACTS CENTRAL TO PLAINTIFF'S CLAIMS

9. Plaintiff is of Cameroonian national origin.

10. Plaintiff was employed by Defendant for approximately eight years, most recently as a Store Manager at 3075 Marshall Hall Road, Bryans, MD 20616.

11. In 2009, Plaintiff received two awards from the Loss Prevention Manager for having the best record for inventory shrinkage (theft of inventory) in his entire District.

12. In or around November 2010, Plaintiff discovered that a Shift Supervisor (Assistant Manager) at his store, Donald Ricks, had altered a deposit slip and forged the signatures of other Shift Supervisor, Crystal Cromwell and Cedric Mbanga, in order to steal money from Defendant.

13. Mr. Ricks was responsible for making the deposits in Plaintiff's absence pursuant to Defendant's policy.

14. Mr. Ricks conducted the theft on days when Plaintiff was not in the store.

15. On October 28, 2010, Plaintiff was away at a meeting with the District Manager, Todd Fullmer (American-born).

16. On November 3, 2010, Plaintiff was on his day-off.

17. In both instances, Plaintiff promptly discovered, investigated, and reported the thefts when he reviewed the records upon his return to his store.

18. When Plaintiff discovered what Mr. Ricks had done, he reported the matter to Dennis McDavid, the Regional Loss Prevention Manager.

19. Plaintiff handled the entire matter according to Defendant's policies.

20. Defendant confronted Mr. Ricks who confessed to the theft and agreed to pay Defendant back.

21. Defendant subsequently fired Mr. Ricks.

22. On or about November 15, 2010, instead of commending Plaintiff for discovering and reporting the theft, Plaintiff's District Manager, Todd Fullmer (American-born), terminated him.

23. The reason given to Plaintiff by Mr. Fullmer for the termination was that he was responsible for theft by anyone who worked for him, regardless of whether he was on duty or had anything to do with it.

24. There have been other situations where there have been gross inventory shortages at a store, and Defendant did not terminated the American-born Store Managers of those stores.

25. On December 15, 2010, Plaintiff prevailed on his unemployment claim because Defendant could not show that his actions constituted misconduct.

26. Plaintiff believes that any reason Defendant gives for her termination is pretext to discriminate and retaliate against her due to her race, national origin, and prior protected activity.

27. As a result of Defendant's actions, Plaintiff has suffered loss of income, emotional distress, and pecuniary damages.

## IV. STATEMENT OF CLAIMS

### Count I:  National Origin Discrimination (Title VII)

28. Plaintiff adopts and incorporates by reference ¶¶ 1-27 above.

29. Defendant unlawfully discriminated against Plaintiff on the basis of his national origin.

30. Title VII makes it unlawful for an employer to discriminate in employment on the basis of national origin.

31. By creating a hostile work environment for Plaintiff on the basis of his national origin, as described above, Defendant discriminated against Plaintiff.

32. As a result of Defendant's violations of Title VII, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

## V. REMEDIES SOUGHT

33.  WHEREFORE, Plaintiff respectfully requests that the Court issue a judgment granting him the following relief from Defendant:

   a. A declaratory judgment that Defendant discriminated against Plaintiff, as alleged herein;

   b. Back pay, including without limitation other lost benefits due to Defendant's discrimination against Plaintiff;

   c. Compensatory and punitive damages in the amount of $300,000, pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a(a)(2), 1981a(b)(3)(A), for taking these actions with malice and bad faith;

d.  Prejudgment and post judgment interest on all damages, on the lost compensation and compensatory damages;

e.  Reasonable attorneys' fees and costs under 42 U.S.C. §§ 1981a, 2000e-5(k); and

f.  Such other and further relief as to the Court seems just and warranted.

## VI. **JURY TRIAL DEMAND**

34.  Plaintiff requests a jury trial on all issues of fact and damages arising herein.

    Respectfully submitted,

*Edgar Ndjatou*

_____
EDGAR NDJATOU
Federal Bar No. 18107
McCree Ndjatou, PLLC
1350 Connecticut Avenue, NW, Suite 850
Washington, D.C. 20036
T:  (202) 618-7092
F:  (202) 370-7173
endjatou@mnlawyerspllc.com
Attorney for Plaintiff